*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-470

JULY TERM, 2011

| | |
|---|---|
| In re Chris C. Khamnei | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. S0051-10 CnC |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

In this landlord-tenant dispute, landlord appeals from the superior court's decision upholding an order of the City of Burlington Housing Board of Review awarding tenants the return of their security deposit plus interest. We affirm.

Tenants moved into the rental unit in August 2007. The monthly rent was $2400, and they paid one month's rent as a security deposit. The Board found that tenants vacated the property on May 29, 2009, and that on June 13, 2009, one day beyond the statutory deadline, landlord sent tenants a certified letter stating that he was withholding most of their security deposit to cover the costs of damage to the property. See 9 V.S.A. § 4461(e) ("If a landlord fails to return the security deposit with a statement within 14 days, the landlord forfeits the right to withhold any portion of the security deposit."). The Board noted that the day after the hearing was held on the matter, landlord's representative submitted a letter and two documents disputing the May 29 vacate date. The Board refused to reopen the hearing or consider the documents, however, stating that it had postponed the hearing until November 2, 2009 at landlord's request, and that landlord had more than sufficient time to prepare for the hearing and gather all of the necessary documents to present his case. Accordingly, the Board entered an order awarding tenants the remainder of their security deposit plus interest.

Landlord appealed the Board's order to the civil division of the superior court. The court affirmed the Board's order, concluding that the Board did not abuse its discretion by refusing to reopen the hearing and allow landlord to submit additional evidence because landlord was on notice that one of the issues at the hearing would be whether he had timely notified tenants of his decision to withhold their security deposit.

On appeal, landlord states in a two-paragraph argument that he received two separate notices of requests for a hearing, and thus his representative was not prepared to defend against tenants' false statements that they vacated the premises on May 29, 2009, rather than on June 3, 2009, as he claims. We find no merit to this argument. As both the Board and court indicated, landlord was plainly on notice that one of the issues at the November 2 hearing would be whether he timely notified tenants of his decision to withhold their security deposit. Therefore, it was his responsibility to appear at the hearing armed with any evidence he had concerning

tenants' departure date and the date he notified tenants that he was withholding their security deposit. Accordingly, the superior court did not err in upholding the Board's refusal to reopen the hearing and allow landlord to submit additional evidence. See In re Hunter, 167 Vt. 219, 224 (1997) (per curiam) (noting that administrative agency has discretion whether to reopen evidence).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice